## Commonwealth ex rel. Merritt v. Meneilly. No. 2.

CHAMBERS, J., April 15, 1931.—The defendant, Frank Meneilly, was charged with having committed the offense of receiving stolen goods before Justice of the Peace George B. Shields, of the Borough of Wilkinsburg, this county, on an information made Sept. 23, 1930, by Walter C. Merritt, the above named relator. Prior thereto, a similar information had been made by the owner of the alleged stolen property against the said defendant, as well as an information charging Samuel Meneilly with larceny of the same property. A settlement was made of the larceny charge under authority of the Act of April 11, 1929, P. L. 514, and the above information withdrawn. That this settlement was entirely valid and legal is held in an opinion filed herewith in the case of Com. ex rel. Merritt v. Meneilly, No. 1 [15 D. & C. 15].

The defendant presents his petition, praying that the information be dismissed and that he be discharged.

The question now presented is whether the charge of receiving stolen goods against this defendant would fail by reason of the settlement of the larceny charge?

Whilst the Act of 1929, supra, does not specifically so state, the gist of the offense falls with the settlement of the larceny charge. It is true that the act of assembly does not specifically authorize a settlement of a charge of receiving stolen goods, but it would be futile to permit a settlement of a charge of larceny and still maintain a charge of receiving stolen goods concerning the same subject. The apparent purpose of the Act of 1929 was to permit settlement of cases where the wrong was rather a private than a public one, and it embraces within its provisions larceny of goods up to the value of $100, thereby relieving the court from prosecutions in such cases. To say that the principal felon could be thus released and his statutory accomplice held to answer would seem to be absurd.

In our opinion, the evidence is entirely insufficient to warrant a conviction against the defendant and he should not be required to bear the burden of additional costs by further proceedings. Under such circumstances, we are of the opinion that the rule should be made absolute and he be discharged.

### Order.

And now, April 15, 1931, after due consideration, the rule is made absolute, the information dismissed, and the defendant discharged.

From William J. Aiken, Pittsburgh, Pa.